**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-198-DLB**

**ALASSANE BA**                                                                      **PETITIONER**

**v.**                     **MEMORANDUM OPINION AND ORDER**

**ICE/DHS**                                                                          **RESPONDENTS**

* * * * * * * * * * * * * * * *

## I.      INTRODUCTION

This matter is before the Court on Petitioner Alassane Ba's *pro se* Petition for Writ of Habeas Corpus (Doc. # 1) and Miscellaneous Motion (Doc. # 4).  For the following reasons, the Court will **grant** the Petition and **deny** the Motion.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Alassane Ba is currently detained at Kenton County Detention Center in Covington, Kentucky.  (Doc. # 1 at 1).  According to the Petition, Ba was detained in Chicago, Illinois on March 24, 2026, after an Immigration Judge ("IJ") scheduled the case for a final hearing.  (*Id*. at 2).  Ba's Automated Case Information shows that an individual hearing is currently scheduled for August 28, 2026.  EOIR, A*utomated Case Information*, https://acis.eoir.justice.gov/en/caseInformation (last accessed June 2, 2026).

On May 4, 2026, Ba filed the instant Petition for Writ of Habeas Corpus (Doc. # 1).  On May 6, 2026, this Court ordered the United States to file a Response within fourteen days.  (Doc. # 3).  On May 18, 2026, Ba filed a miscellaneous Motion that was one page

1

and requested no relief, but included a handwritten address.  (Doc. # 4).[1]  After fourteen days had passed with no response from the government this Court issued a show cause order directing Respondents to file a response to the show cause order within seven days. (Doc. # 5 at 2).  Alternatively, given the miscellaneous Motion from Petitioner that included a different address, this Court ordered Respondents to file a status report in the event that Petitioner was released from custody.  (*Id*.).

On June 2, 2026, Respondents filed their Response to this Court's Show Cause Order (Doc. # 6).  In it, they informed the Court that they never received a copy of the Petition.  (Doc. # 6 at 1).  They additionally included a Response to Ba's Petition.  (*Id*. at 1-2).

## III.    ANALYSIS

Ba's Petition alleges that he being improperly detained at the Kenton County Detention Center.  (Doc. # 1 at 1).  After Ba filed his Petition, the Sixth Circuit issued its decision in *Lopez-Campos et al. v. Raycraft et al.*, wherein it determined that § 1226 is the properly applied statutory provision for detaining noncitizens like Ba who arrived in the United States without inspection.  -- F.4th --, 2026 WL 1283891, at *13 (6th Cir. May 11, 2026).  In its opinion, the Sixth Circuit affirmed the judgments of four district courts below, determining that the "text, canons, and past practice" of two statutes all support the conclusion that the petitioners were not subject to the mandatory detention provisions of § 1225.  *Id*. at *6.  Accordingly, the Circuit rejected the government's position that § 1225 governs noncitizen detainees, concluding that "[t]o hold otherwise would subject

---

[1]    Because this Motion was blank with the exception of an address, the Court will **deny** the Motion.

long-term law-abiding residents in the United States . . . to the hardship of mandatory detention without due process." *Id*. at *13.

Respondents concede that the Sixth Circuit's recent decision is controlling law, and specifically, that it controls the outcome in this matter. (Doc. # 6 at 1). However, they argue that *Lopez-Campos* renders Ba's Petition moot because there is no longer a dispute between the parties regarding whether Ba is eligible to seek a custody redetermination hearing from an IJ. (*Id*. at 2). To be specific, Respondents contend that "judicial relief in habeas is no longer needed . . . . [and] [u]nder the Immigration Court's procedures, [Petitioner] can (and should be required to) move the Immigration Court for a bond hearing." (*Id*.).

Respondents do not cite any controlling authority for its argument that Ba's Petition has been rendered moot. "A case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Cruz v. Raycraft*, No. 26-11424, 2026 WL 1432396, at *2 (E.D. Mich. May 21, 2026) (quoting *Chafin v. Chafin*, 568 U.S. 165, 166 (2013)). Meaning, that "[u]ntil Petitioner receives his bond hearing, this case is not moot." *Id*.; *see also id.* (the petitioner's "claims are not moot until he receives the bond hearing to which he is constitutionally entitled."); *Guiterrez-Lopez v. Raycraft*, No. 26-11143, 2026 WL 1412995, at *1 (E.D. Mich. May 20, 2026) ("*Lopez-Campos* does not require such a person to 'request' a bond hearing. In any event, [the petitioner] filed this action seeking a bond hearing, and this Court finds that the filing of this action fulfills any such obligation to request a bond hearing.").

Moreover, Respondents have indicated that they are "evaluating whether to seek further appellate review of *Lopez-Campos*[.]"   (Doc. # 6 at 1 n. 1).   This Court has

3

previously concluded that "[g]iven the uncertainty as to how the Federal Respondents will proceed" the Court will rule on petitions wherein a Petitioner requests a custody redetermination hearing "without requiring [the petitioner] to lodge a formal request in the Immigration Court." *Dragoni v. United States Immigration and Customs Enforcement*, No. 26-204-DLB, 2026 WL 1419046, at *3 n. 2 (E.D. Ky. May 20, 2026) (citing *Torres Siles v. Warden, Butler Cnty. Det. Fac.*, No. 1:26-cv-434, 2026 WL 1345581, at *1 n. 1 (S.D. Ohio May 14, 2026)).

*Lopez-Campos* controls this case and, as Respondents have conceded, Petitioner is entitled to a bond hearing. To withhold Ba access to a bond hearing is a violation of his due process rights. *See Lopez-Campos*, 2026 WL 1283891, at *11 ("It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings. . . . Consequently, the government may not deny 'notice' or 'an opportunity to be heard' to a noncitizen who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here.") (internal quotations omitted).

Accordingly, because Petitioner has filed this action, his claims are not moot until he receives a constitutionally adequate bond hearing in which the government bears the burden of proof by clear and convincing evidence. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("[T]he government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)"); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2nd Cir. 2020) (finding that the "district court correctly ordered a new bond hearing where the Government bore the burden of proof"); *Azalyar v. Raycraft*, No. 1:25-cv-916, 2026 WL 30741, at *5 (S.D. Ohio

4

Jan. 2, 2026) ("Respondents must provide a custody redetermination hearing at which the government bears the burden of justifying [the petitioner's] continued detention"); *Rajesh v. Barr*, 420 F. Supp. 3d 78, 87-88 (W.D.N.Y. Oct. 29, 2019) ("The Court agrees with the district court cases holding that allocating the burden to a noncriminal alien to prove he should be released on bond under § 1226(a) violates due process because it asks '[t]he individual . . . to share equally with society the risk of error when the possible injury to the individual is significantly greater than any possible harm to the [Government]'" (quoting *Addington v. Texas*, 441 U.S. 418, 427 (1979))).

## IV.    CONCLUSION

Accordingly, for the reasons stated herein, **IT IS SO ORDERED** as follows:

(1)    Ba's Petition for Writ of Habeas Corpus (Doc. # 1) is **GRANTED**;

(2)    Ba's Miscellaneous Motion (Doc. # 4) is **DENIED**;

(3)    Respondents are **ORDERED** to **immediately release** Petitioner, or in the alternative, provide him with a **constitutionally adequate bond hearing where the government bears the burden of proof by clear and convincing evidence** under 8 U.S.C. § 1226(a) **within fourteen (14) days of the date of this Order**; and

(4)    Respondents shall file a Status Report with this Court **seven (7) days thereafter** to certify compliance with this Order.  The Status Report shall include when the bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

This 3rd day of June, 2026.



Signed By:

*David L. Bunning*

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2026\26-198 MOO re habeas petition.docx